UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BURCHARDT, JR., an individual, and JENNIFER BURCHARDT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE, LLC, a Michigan limited liability company,<br><br>Defendant. | Case No. 1:26-cv-2919<br><br>Hon. |

**COMPLAINT AND JURY DEMAND**

Plaintiffs Patrick Burchardt, Jr. and Jennifer Burchardt, by and through their counsel, Westbrook Law PLLC, bring this Complaint against Defendant United Wholesale Mortgage, LLC, and state as follows:

**INTRODUCTION**

1. Plaintiffs bring this action to redress Defendant's mishandling of their residential home loan, including Defendant's failure to credit Plaintiffs' payment of $425,000 against the loan balance as required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639f, and Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Mich. Comp. Laws § 445.1672; and Defendant's failure to correct its error or otherwise reasonably investigate and respond to Plaintiffs' notice of error as required by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(k), causing Plaintiffs to incur thousands of dollars in excess interest and late charges.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, 15 U.S.C. § 1640, and 12 U.S.C. § 2614. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because the conduct complained of took place within this District and the real property securing Plaintiffs' loan is situated in this District.

## THE PARTIES

4. Plaintiff Patrick Burchardt, Jr. is an individual residing in Middleville, Barry County, Michigan.

5. Plaintiff Jennifer Burchardt is an individual residing in Middleville, Barry County, Michigan.

6. Plaintiffs are and at all relevant times were a married couple.

7. Defendant United Wholesale Mortgage, LLC ("UWM") is a limited liability company organized under the laws of the State of Michigan.

8. UWM is a "creditor" as that term is defined in RESPA, 12 U.S.C. § 2602(1)(B)(iv) because it is a lender making or investing in residential real estate loans aggregating more than $1,000,000 per year.

9. UWM is a "creditor" as that term is defined in TILA, 15 U.S.C. § 1602(g) because it regularly extends consumer credit payable in four or more installments and is the person to whom Plaintiffs' mortgage loan indebtedness is initially payable.

10. UWM is licensed by the State of Michigan as an originator of first home mortgages, holding license number FR-0023166.

## FACTS

11. Plaintiffs purchased the residential real property commonly known as 6201 Black Creek Drive, Middleville, Michigan (the "Property"), on February 3, 2025.

12. Plaintiffs financed their purchase of the Property through a loan from UWM, consisting of a note in the amount of $567,000 secured by a mortgage of the Property, recorded at Instrument Number 2025-000930 with the Barry County Register of Deeds on February 6, 2025.

13. The purchase loan from UWM was obtained for personal and family purposes, because Plaintiffs intended to use and actually used all of the loan funds to purchase their primary residence.

14. At the time Plaintiffs purchased the Property, they had not yet sold their former residence.

15. On August 21, 2025, Plaintiffs refinanced the mortgage loan via a new note payable to UWM in the amount of $576,000 and a new mortgage recorded on August 28, 2025, with the Barry County Register of Deeds at Instrument Number 2025-007183.

16. The purchase-money mortgage (Instrument Number 2025-000930) was discharged by an instrument dated September 16, 2025 and recorded September 17, 2025 at Instrument Number 2025-007738, leaving the refinance mortgage (Instrument Number 2025-007183) the only remaining encumbrance on the Property.

17. Plaintiffs obtained the refinance loan (the "Loan") from UWM to benefit from a reduced interest rate and not for any investment or commercial purpose.

18. UWM's identification number for the Loan was 0203614094.

19. The Loan is a "federally related mortgage loan" as that term is defined in RESPA, 12 U.S.C. § 2602(1), because the Loan was secured by a first mortgage on Plaintiffs' home and was made by UWM, a "creditor" as defined in TILA, 15 U.S.C. § 1602(g).

20. Plaintiffs intended to pay down the Loan using proceeds from the sale of their previous home, once it sold.

21. In December 2025, Plaintiffs' previous home sold, and Plaintiffs directed the proceeds from closing to be deposited in their account at Adventure Credit Union.

22. Plaintiffs obtained a cashier's check in the amount of $425,000, check number 638732, made payable to UWM, from Adventure Credit Union on December 30, 2025 (the "Payment").

23. Applying the Payment against the outstanding Loan balance would leave a remaining indebtedness of approximately $150,000.

24. On December 31, 2025, Plaintiffs sent the Payment to UWM via Express Mail.

25. The Payment was directed to the address specified on the detachable portion of UWM's periodic statements regarding the Loan: Payment Processing Center, P.O. Box 11733, Newark, New Jersey, 07101-4733.

26. Upon information and belief, UWM's "Payment Processing Center" is operated by a company called Regulus, which acted as UWM's authorized agent for processing payments.

27. The United States Postal Service assigned a tracking number, ER 158 305 692 US, to the envelope containing the Payment.

28. The Payment was delivered to UWM or its agent on January 3, 2026, at 12:31 p.m.

29. UWM did not credit the Payment.

30. Upon information and belief, UWM lost, discarded, or destroyed the Payment.

31. Plaintiffs contacted UWM on January 16, 2026, and were told the Payment had not been received and the payment due on January 1, 2026, was late.

32. Plaintiffs immediately made the January payment, including a late fee of $180.71, which UWM accepted.

33. On January 20, 2026, Plaintiffs contacted Adventure Credit Union, which confirmed the Payment had not been cashed.

34. The same day, Plaintiffs contacted UWM again to begin an inquiry into the lost or otherwise unapplied Payment.

35. When Plaintiffs contacted UWM on January 20, 2026, they were given a specific mailing address to which to send their inquiry and told to direct their correspondence to the "Research Department."

36. Plaintiffs sent a letter documenting the sending and receipt of the Payment to UWM on January 20, 2026 (the "Letter").

37. The Letter was a "qualified written request" as that term is defined in 12 U.S.C. § 2605(e)(1)(B) and Regulation X, 12 C.F.R. § 1024.31, and a notice of error within the meaning of 12 C.F.R. § 1024.35(a).

38. On January 21, 2026, Plaintiffs began communicating with UWM's support staff electronically to follow up regarding the Payment and dispute. For more than a month thereafter, despite numerous communications from Plaintiffs asking for an updated status, UWM neither confirmed nor denied having received the Payment.

39. During that time, UWM continued accruing interest on the Loan.

40. UWM never applied the Payment.

41. Because UWM never located or negotiated the Payment, Plaintiffs could not recover the funds from Adventure Credit Union until March 30, 2026, 90 days after the check's issue date.

42. Plaintiffs initiated a wire transfer to UWM on March 30, 2026, to pay off the entire balance of the Loan.

43. From January 3, 2026, to March 30, 2026, UWM charged Plaintiffs interest of more than $6,500 in interest that would not have accrued had the Payment been credited on January 3, 2026, and a late fee of $180.71.

## COUNT I
## TRUTH IN LENDING ACT

44. Plaintiffs incorporate by reference the preceding paragraphs.

45. TILA states that "no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer…." 15 U.S.C. § 1639f(a).

46. UWM, which collected payments from Plaintiffs and sent them periodic statements regarding the Loan, was the servicer of the Loan.

47. UWM, which originated the Loan, was also the creditor with respect to the Loan.

48. Under 15 U.S.C. § 1640(a), a creditor that fails to comply with any requirement imposed under Part B of TILA, which includes 15 U.S.C. § 1639(f), is liable to the consumer for actual damages, statutory damages, and the costs of the action together with a reasonable attorney fee.

49. By failing to credit the Payment as of the date of receipt, January 3, 2026, UWM violated TILA.

50. UWM's violation of TILA damaged Plaintiffs by causing them to incur and pay excess interest charges added to the account by UWM and a late fee imposed by UWM, and by causing stress, frustration, and wasted time.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant providing the following relief:

a. Actual damages pursuant to 15 U.S.C. § 1640(a)(1);
b. Statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A);
c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1640(a)(3); and
d. Any and all other legal and equitable relief as the Court deems just.

**COUNT II**
**REAL ESTATE SETTLEMENT PROCEDURES ACT**

51. Plaintiffs incorporate by reference the preceding paragraphs.

52. Plaintiffs' Letter to UWM informing UWM of an error in the handling of and failure to apply the Payment and requesting correction of this error provided notice of an "error" within the meaning of RESPA's implementing Regulation X, 12 C.F.R. § 1024.35(b)(11).

53. RESPA, 12 U.S.C. § 2605, and its implementing Regulation X, 12 C.F.R. § 1024.35, required UWM to either: (1) correct the error, or (2) conduct a "reasonable investigation" and provide Plaintiffs with written notification that no error occurred. 12 C.F.R. § 1024.35(e)(1).

54. UWM did not correct the error or provide Plaintiffs with written notification that no error occurred and, upon information and belief, failed to conduct a reasonable investigation into the failure to apply the Payment.

55. UWM violated RESPA and Regulation X.

56. UWM's failure to correct its servicing errors upon notice by Plaintiffs deprived Plaintiffs of information to which they were legally entitled and caused them to incur excess interest and late fees.

WHERFORE, Plaintiffs respectfully request that the Court enter judgment in their favor against UWM specifying the following relief:

a. Actual damages pursuant to 12 U.S.C. § 2605(f)(1)(A);

b. Costs and reasonable attorney fees pursuant to 12 U.S.C. § 2605(f)(3); and

c. Any and all other legal and equitable relief as the Court deems just.

**COUNT III**
**MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT, Mich. Comp. Laws § 445.1681**

57. Plaintiffs incorporate the preceding paragraphs herein by reference.

58. UWM violated TILA by failing to credit the Payment.

59. UWM violated RESPA by failing to appropriately respond to Plaintiffs' notice of error.

60. A servicer's violations of TILA through failure to credit payments as of the date they are received constitute violations of the MBLSLA under Mich. Comp. Laws § 445.1672(a) for which a private right of action is provided in Mich. Comp. Laws § 445.1681.

61. A servicer's violations of RESPA through failure to rectify servicing errors communicated through a properly submitted notice of error constitute violations of the MBLSLA under Mich. Comp. Laws § 445.1672(a) for which a private right of action is provided in Mich. Comp. Laws § 445.1681.

62. UWM's failure to apply the Payment, and failure to either correct its error or otherwise adequately respond to Plaintiffs' notice of error, violated the MBLSLA.

WHEREFORE, Plaintiffs request that judgment be granted in their favor and against Defendant specifying the following relief:

a. Actual damages or $250, whichever is greater, pursuant to Mich. Comp. Laws § 445.1681(c);

b. Costs and reasonable attorney fees pursuant to Mich. Comp. Laws § 445.1681(1)(c); and

a. Any and all other legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated: October 12, 2026

/s/ Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
Centennial Plaza, Suite 205
2851 Charlevoix Dr. SE
Grand Rapids, MI 49546
(616) 288-9548
ted@westbrook.law

**JURY DEMAND**

Plaintiffs hereby demand a jury as to all issues and claims so triable.

Respectfully submitted,

Dated: October 12, 2026

/s/ Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
Centennial Plaza, Suite 205
2851 Charlevoix Dr. SE
Grand Rapids, MI 49546
(616) 288-9548
ted@westbrook.law